# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

May 1, 2008

Mr. Sidney "Buck" LaQuey
Grimes County Auditor
Post Office Box 510
Anderson, Texas 77830

Opinion No. GA-0620

Re: Procedures that a commissioners court must follow in the annual budget process in regard to salaries and personal expenses for each elected county and precinct officer (RQ-0642-GA)

Dear Mr. LaQuey:

You ask several questions about the procedure that a commissioners court must follow in reducing the salaries of elected county officials.[1] You tell us that the Grimes County Judge filed the proposed budget for Grimes County in accordance with section 111.006 of the Local Government Code on August 29, 2007. *See* Request Letter, *supra* note 1, at 1. On September 17, 2007, the Grimes County Commissioners Court held a public hearing pursuant to section 111.007 of the Local Government Code regarding the budget proposed by the County Judge. *Id.* At the public hearing, "a Commissioner proposed a salary reduction for each Commissioner of approximately $7,000," and the reduction was adopted. *Id.* at 2. You state that "there was no written or oral notice given to any Commissioner prior to the meeting that the salary of each Commissioner would be reduced." *Id.* On September 25, 2007, following an unknown number of budget hearings, the final budget was "filed with the County Clerk" pursuant to section 111.009 of the Local Government Code. *Id.*; *see* TEX. LOC. GOV'T CODE ANN. § 111.009 (Vernon 2008).

You ask three questions regarding the annual county budget process:

1.    Is the Commissioners' Court required to notify all elected officials including County Commissioners in writing prior to the annual budget hearing of a proposed salary reduction from that proposed in the budget filed by the County Judge?

2.    [M]ust the Commissioners' Court give written notice to all elected officials including County Commissioners of their

---

[1]Letter from Sidney "Buck" LaQuey, Grimes County Auditor, to Honorable Greg Abbott, Attorney General of Texas (Oct. 22, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

proposed salaries and expenses more than fifteen days before adopting the budget thereby granting any potentially aggrieved officer the maximum amount of time permitted by law in which to request a hearing and granting the salary grievance committee the maximum amount of time permitted by law in which to hold a hearing?

3.   If the Commissioners' Court fails to give each elected officer including each County Commissioner written notice of the Commissioner's proposed salary and expenses prior to the annual budget meeting after which the budget is adopted, may the Court then pay the officer the reduced amount?

Request Letter, *supra* note 1, at 1, 3, 4.

Before answering your specific questions, we note that, in Attorney General Opinion GA-0051 (2003), we thoroughly explained the county budgeting process. As a result, we will begin by briefly summarizing that process, with references, as appropriate, to that opinion.

In a county of 225,000 or fewer, such as Grimes County,[2] during either the seventh or tenth month of a fiscal year, as determined by the commissioners court, the county judge is required to "prepare a budget to cover all proposed expenditures of the county government for the succeeding fiscal year." TEX. LOC. GOV'T CODE ANN. § 111.003(a) (Vernon 2008). "When the county judge has completed the preparation of the budget, the judge shall file a copy of the proposed budget with the county clerk." *Id.* § 111.006(a). Subsequently, "[t]he commissioners court shall hold a public hearing on the proposed budget." *Id.* § 111.007(a). The hearing must be set for a date that is "*after* the 15th day of the month next following the month" in which the county judge first prepared the budget. *Id.* § 111.007(b) (emphasis added). Thereafter, the commissioners court must give public notice of the date that it will consider the proposed budget. *See id.* §§ 111.007(c), .0075. "At the conclusion of the public hearing, the commissioners court shall take action on the proposed budget, [having made] any changes in the proposed budget that it considers warranted by the law and required by the interests of the taxpayers." *Id.* § 111.008(a)–(b); *see generally* Tex. Att'y Gen. Op. No. GA-0051 (2003).[3]

Simultaneously with the process just described, another process occurs—this one involving the statutory directive to a commissioners court to "set the amount of the compensation, office and travel expenses, and all other allowances for county and precinct officers and employees who are paid wholly from county funds." TEX. LOC. GOV'T CODE ANN. § 152.011 (Vernon 2008). The

---

[2]As of the 2000 Census, the population of Grimes County was 23,552. *See* BUREAU OF THE CENSUS, U.S. DEP'T OF COMMERCE, 2000 CENSUS OF POPULATION, *available at* http://quickfacts.census.gov/qfd/states/48/48185.html (State and County Quick Facts) (last visited Apr. 29, 2008).

[3]We specifically do not construe the term "take action" to be limited to the final adoption of the budget.

commissioners court is required to "set the items at a regular meeting of the court during the regular budget hearing and adoption proceedings." *Id.* § 152.013(a). We do not understand this "regular meeting" necessarily to have been a public hearing on the proposed budget. "Before the 10th day before the date of the meeting, the commissioners court must publish in a newspaper of general circulation in the county a notice of: (1) any salaries, expenses, or allowances that are proposed to be increased; and (2) the amount of the proposed increases." *Id.* § 152.013(b).

"The written notice provided to the elected officers marks the beginning of the grievance process, through which an officer may request the county's salary grievance committee[4] to reconsider that officer's proposed salary or personal expenses." Tex. Att'y Gen. Op. No. GA-0051 (2003) at 2 (footnote added). Any officer "who is aggrieved by the setting of the officer's salary or personal expenses may request a hearing before the salary grievance committee before the approval of the county's annual budget." TEX. LOC. GOV'T CODE ANN. § 152.016(a) (Vernon 2008). The request must, among other things, "be in writing" and must "be delivered to the committee chairman within five days after the date the officer receives notice of the salary or personal expenses." *Id.* The grievance committee is then required to "hold a public hearing not later than the later of the 10th day after: (1) the date the request is received; or (2) the date the commissioners court selects the public members of the committee." *Id.* § 152.016(b). The statute then provides a complex formula for determining the fate of the committee vote.[5] *Id.* § 152.016(c).

We now turn to your specific questions. You first ask whether the "Commissioners' Court [is] required to notify all elected officials including" the individual county commissioners, in writing, "prior to the annual budget hearing of a proposed salary reduction from that proposed in the budget filed by the County Judge." Request Letter, *supra* note 1, at 1. "Before filing the annual budget with the county clerk," section 152.013(c) of the Local Government Code requires a commissioners court to give written notice "to each elected county and precinct officer of the officer's salary and personal expenses to be included in the budget." TEX. LOC. GOV'T CODE ANN. § 152.013(c) (Vernon 2008). Thus, an officer, including a county commissioner, must be notified in writing of the salary and expenses proposed for that officer's position before the final budget is filed with the county clerk, regardless of whether the proposal constitutes an increase or a reduction in salary or expenses. *See* Tex. Att'y Gen. Op. No. GA-0051 (2003) at 4 ("[T]he commissioners court must notify elected officers of proposed salaries and expenses after having received the proposed budget from the county judge, but sufficiently before the court's approval so that an aggrieved officer can receive a determination from the salary grievance committee."). The commissioners court's duty to notify the officer continues until the commissioners court has filed the final budget with the county clerk. *Id.*

---

[4]A salary grievance committee consists of nine members, the allocation of which is determined partially by statute and partially by the commissioners court. *See* TEX. LOC. GOV'T CODE ANN. § 152.014 (Vernon 2008)

[5]"If, after the hearing, six or more of the members vote to recommend an increase in the officer's salary or personal expenses, the committee shall submit its recommendation to the commissioners court in writing. If six to eight members vote to recommend the increase, the commissioners court *shall consider* the recommendation at its next meeting. If nine members vote to recommend the increase and sign the recommendation, the commissioners court *shall include* the increase in the budget before the budget is filed and the increase takes effect in the next budget year." *Id.* § 152.016(c) (emphasis added).

You next ask whether the commissioners court must give the requisite written notice "more than fifteen days before adopting the budget." Request Letter, *supra* note 1, at 3. This question assumes a worst-case scenario in which "notice [under section 152.013(c)] is mailed to the elected official, who then waits until the fifth day after his receipt of such to request a hearing before the salary grievance committee, which then waits until the tenth day after the receipt of the request to hold a hearing." *Id.* at 4. We note first that section 111.007(b) of the Local Government Code provides that the hearing on the proposed budget must be set for a date that is "*after* the 15th day of the month next following the month" in which the county judge first prepared the budget. TEX. LOC. GOV'T CODE ANN. § 111.007(b) (Vernon 2008) (emphasis added). This provision should generally insure that a county has enough time to include the findings of the grievance committee before a commissioners court adopts its final budget. Although the statute does not mandate that notice be given more than fifteen days prior to the final adoption of the budget, that requirement may be administratively necessary in order to comply with the requisite statutory deadlines for grievance and budget procedures. *See id.* §§ 152.013, .016. Whether it is in fact necessary would require resolution of factual issues that are not amenable to the opinion process. *See* Tex. Att'y Gen. Op. No. GA-0391 (2006) at 12 ("Resolving questions of fact is beyond the scope of the opinion process."). Because of the various permutations involved in your question, we decline to speculate about a worst-case scenario. In order to comply with the requisite deadlines for grievance and budget procedures, county officials should commence these procedures at the earliest possible date. We emphasize, however, that the recommendations of the grievance committee *must* be presented to the commissioners court *before* the court files its final budget with the county clerk.

Your last question is whether the commissioners court may pay commissioners the reduced salary, even though the court failed to give written notice to the commissioners of the proposed salary and expenses prior to the annual budget hearing. *See* Request Letter, *supra* note 1, at 4. As we said in answer to your first question, section 152.013(c) of the Local Government Code requires the commissioners court to give written notice of proposed salary and expenses to each elected county official, including members of the court itself, before the budget is approved. In a prior opinion, this office said that a commissioners court that adopted a salary for the sheriff higher than that posted in the notice required by section 152.013(b) was not authorized to pay the sheriff the increased amount. Rather, the sheriff was entitled only to the salary that he received during the prior budget year. *See* Tex. Att'y Gen. Op. No. GA-0162 (2004) at 2–3. Just as the public notice requirement of section 152.013(b) is mandatory, so too is the individual notice requirement of section 152.013(c). *See* TEX. LOC. GOV'T CODE ANN. § 152.013(b)–(c) (Vernon 2008). Accordingly, if the commissioners court fails to give the written notice required in section 152.023(c) *before the final adoption of the budget*, the salaries of the commissioners must remain fixed at the prior year's amount. Tex. Att'y Gen. Op. No. GA-0162 (2004) at 2–3 (although commissioners court had approved increase in sheriff's salary, court did not comply with required notice requirements; thus, sheriff's salary was limited to that of prior year).

You indicate that because members of the commissioners court were not given written notice of the proposed salary reduction, the increased expenditure of paying them their prior year's salaries will require the commissioners court to amend the budget. *See* Request Letter, *supra* note 1, at 4. "After final approval of the budget, the commissioners court may *spend* county funds only in strict

compliance with the budget, *except in an emergency*." TEX. LOC. GOV'T CODE ANN. § 111.010(b) (Vernon 2008) (emphasis added). An "emergency" requires "a case of grave public necessity to meet an unusual and unforeseen condition that could not have been included in the original budget through the use of reasonably diligent thought and attention." *Id.* § 111.010(c). As you observe, it may be questioned whether the situation presented here constitutes "an unusual and unforeseen condition that could not have been included in the original budget through the use of reasonably diligent thought and attention." Request Letter, *supra* note 1, at 4. On the other hand, the Commissioners Court might point to the significant number of attorney general opinions on county budget matters in recent years to conclude that even "reasonably diligent thought and attention" could not have prevented the current situation. In any case, whether the circumstances warrant such a finding is a fact question that is not amenable to the opinion process. Rather, that determination must be made in the first instance by the commissioners court itself, and ultimately, by a court of the judiciary. *See* Tex. Att'y Gen. Op. No. GA-0542 (2007) at 5 ("This office does not find facts or resolve fact questions in the opinion process.").

In conclusion, a commissioners court is required to provide written notice to each elected county and precinct officer of the officer's salary and personal expenses to be included in the budget before the final annual budget is filed with the county clerk. *See* TEX. LOC. GOV'T CODE ANN. § 152.013(c) (Vernon 2008). Section 111.007(b) of the Local Government Code provides that the budget hearing must be set for a date that is "*after* the 15th day of the month next following the month" in which the county judge first prepared the budget. *Id.* § 111.007(b) (emphasis added). This provision should generally insure that a commissioners court has enough time to include the findings of a grievance committee before adoption of the final budget. To the extent that it does not, we recommend commencing the two processes as early as possible in order to comply with the intricacies of the two schemes. If the commissioners court failed to give written notice to each commissioner of a proposed salary reduction before adopting the final budget, the salaries of the commissioners must remain fixed at the prior year's amount.

## S U M M A R Y

"Before filing the annual budget with the county clerk," the commissioners court of a county is required to provide "written notice to each elected county and precinct officer," including members of the court itself, "of the officer's salary and personal expenses to be included in the budget." TEX. LOC. GOV'T CODE ANN. § 152.013(c) (Vernon 2008). Recommendations of a salary grievance committee should be considered before a commissioners court adopts a final budget. If a commissioners court fails to give written notice of a commissioner's salary and expenses included in the budget, the commissioners court may not adopt a proposed salary reduction, and the salaries of the commissioners must remain fixed at the prior year's amount.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee